W. W. CRAWFORD, d. b. a. CRAWFORD'S MORTUARY, v.
R. STANLEY LARSON.
DULUTH CEMETERY ASSOCIATION, INTERPLEADED
DEFENDANT.[1]

February 11, 1944.

No. 33,584.

[1]Reported in 13 N. W. (2d) 137.

418

*Courtney & Courtney,* for appellant.

*Jenswold, Butchart & Dahle,* for plaintiff-respondent.

*F. H. DeGroat* and *William P. Harrison,* for respondent Duluth Cemetery Association.

LORING, CHIEF JUSTICE.

This was originally a suit in the municipal court of Duluth to recover from the defendant R. Stanley Larson the balance of a bill for a casket sold to him and for funeral services furnished for the burial of his mother, Edna May Larson, who died January 4, 1941. All dates involved are in 1941. Larson answered and set up a counterclaim sounding in tort for the violation of Minn. St. 1941, § 614.23 (Mason St. 1927, § 10230), which provides:

"Every person who shall arrest or attach the dead body of a human being upon a debt or demand, or shall detain or claim to detain it for any debt or demand, or upon any pretended lien or charge, or who, without authority of law, shall obstruct or detain a person engaged in carrying or accompanying the dead body of a

human being to a place of burial or cremation, shall be guilty of a misdemeanor."

The Duluth Cemetery Association was brought in as an additional party (improperly designated as an "interpleaded" defendant). On account of the relief sought in the counterclaim, the case was certified to the district court, where there was a verdict for the defendant Larson against both the plaintiff and the "interpleaded" cemetery association. Upon the separate motions of plaintiff and the cemetery association for judgment or a new trial, the court granted judgment notwithstanding the verdict and ordered judgment on plaintiff's cause of action for $121.50 with interest. Judgment was ordered in favor of the cemetery association for its costs and disbursements. Defendant Larson appeals from the judgment.

Larson admitted the plaintiff's claim subject to his counterclaim. The questions presented are whether the court was right in granting judgment notwithstanding the verdict and whether there was evidence of a violation of the statute above quoted. The facts are that, either at the request of his mother or at the direction of his father, Larson took charge of the funeral arrangements for his mother and negotiated with the plaintiff to take charge of her body, conduct the funeral, and arrange with the cemetery association for placing the body in the vault until the following spring, when it should be interred. In order to secure the plaintiff for the payment of the funeral expenses, Larson assigned to plaintiff the proceeds of an insurance policy carried by his mother. After the funeral, at his father's request, Larson got the proceeds of the policy from the insurance company and used them for other purposes than payment to the plaintiff. The funeral was conducted by plaintiff as agreed. The body was taken to the vault of the "interpleaded" cemetery association and there kept until the following spring. Sometime in April the cemetery association advised Larson that interment would have to be arranged for by May 15. About April 12 Larson telephoned the office of the association to make arrangements. Nothing was done at that time, as Mr. Harbison, the superintendent, who was in charge of the office, was out of town;

but a few days later Mr. Harbison telephoned Larson and told him that Crawford (the plaintiff) "claims a lien against the casket and that will have to, of course, be satisfied before we can make interment." When Larson protested, Harbison said, "Well, Mr. Crawford phoned out and says that you owe him a balance of one hundred and some dollars and for us to withhold interment." Larson then arranged to purchase a lot in the cemetery and paid $50 down upon the purchase price. He afterwards saw the plaintiff, and, according to Larson's testimony, plaintiff agreed that the balance owing might be paid in installments, and plaintiff instructed the cemetery association to go ahead with the interment. However, when Larson sought to have interment made by the cemetery association and at last arranged for it on June 10, the association refused on that day to go forward with the interment, basing its refusal to do so on instructions from plaintiff. Thereupon Larson arranged with another mortuary and another cemetery association to inter his mother's body elsewhere, he rescinded his purchase of a lot, and instructed the "interpleaded" cemetery association to turn over his mother's remains to the other mortuary. This was promptly accomplished, and no effort was made by either plaintiff or the "interpleaded" cemetery association to detain the body.

Section 614.23 (§ 10230) is a criminal statute, and its terms cannot fairly be extended beyond a reasonable construction thereof. In order to violate the statute, there must be an attempt to detain, or claim to detain, the body of a human being for a debt or demand. We have searched the record in vain for evidence that either the plaintiff or the "interpleaded" cemetery association sought to detain the body or claimed to detain it on account of the debt to plaintiff. What both plaintiff and the "interpleaded" association did was to refuse to go forward with the interment unless the debt was paid. Larson or his father might at any time, so far as this record discloses, have asked for and obtained the possession of the body. In fact this is what they did do, and they immediately obtained it upon demand. This does not amount to a violation of the statute. Consequently no cause of action in tort arose there-

from, and the trial court was right in ordering judgment notwithstanding the verdict. Whether there was a breach of the contract with plaintiff is not here for consideration. Larson sought recovery solely on the ground of the tort for violation of the statute. A mortuary or a cemetery association cannot be held to have violated this statute by merely refusing to go on with an interment on the ground that its bill has not been paid so long as it does not assume to detain or claim to detain the body for some debt or demand.

Judgment affirmed.

